1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LYNN SMITH,                              No.  2:12-cv-2707 CKD PS

12                    Plaintiff,

13         v.                                  ORDER

14    CAROLYN W. COLVIN, Acting
      Commissioner of Social Security,

15
                      Defendant.
16

17

18         Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19    ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title

20    XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will deny

21    plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for

22    summary judgment.

23    BACKGROUND

24         Plaintiff, born August 6, 1971, applied on July 9, 2010 for SSI, alleging disability

25    beginning April 1, 2000.  Administrative Transcript ("AT") 148, 165.  Plaintiff alleged she was

26    unable to work due to bipolar disorder and depression.  AT 165.  In a decision dated June 24,

27    /////

28    /////

                                              1

2011, the ALJ determined that plaintiff was not disabled.[1]  AT 21-33.  The ALJ made the

following findings (citations to 20 C.F.R. omitted):

> 1.   The claimant has not engaged in substantial gainful activity since July 9, 2010, the application date.
>
> 2.   The claimant has the following severe impairments:   bipolar disorder.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the

---

[1]      Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?   If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

1    following nonexertional limitations:   The claimant can perform
     simple, repetitive tasks in a non-public setting.  The claimant can
2    have occasional interaction with co-workers and supervisors.

3    5.  The claimant has no past relevant work.

4    6.  The claimant was born on August 6, 1971 and was 38 years old,
     which is defined as a younger individual age 18-49, on the date the
5    application was filed.

6    7.  The claimant has at least a high-school education and is able to
     communicate in English.
7
     8.  Transferability of job skills is not an issue in this case because
8    the claimant does not have past relevant work.

9    9.  Considering the claimant's age, education, work experience, and
     residual functional capacity, there are jobs that exist in significant
10   numbers in the national economy that the claimant can perform.

11   10.  The claimant has not been under a disability, as defined in the
     Social Security Act, since July 9, 2010, the date the application was
12   filed.

13   AT 23-32.

14   ISSUES PRESENTED

15        Plaintiff does not assign any specific errors but generally argues that the ALJ

16   misinterpreted the record medical evidence.

17   LEGAL STANDARDS

18        The court reviews the Commissioner's decision to determine whether (1) it is based on

19   proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

20   as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

21   evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340

22   F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable

23   mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th

24   Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is

25   responsible for determining credibility, resolving conflicts in medical testimony, and resolving

26   ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

27   "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

28   rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

1    The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th

2    Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

3    conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not

4    affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see

5    also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the

6    administrative findings, or if there is conflicting evidence supporting a finding of either disability

7    or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,

8    1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

9    weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

10   ANALYSIS

11   Plaintiff has not articulated specific errors in the ALJ's analysis but presents factual

12   allegations contesting the evidence in the administrative record and argues that the ALJ

13   misinterpreted the evidence. As an initial matter, this court's review is limited to the

14   administrative record. However, a case may be remanded to the Secretary for the consideration

15   of new evidence if the evidence is material and good cause exists for the absence of the evidence

16   from the prior record. Sanchez v. Secretary of HHS, 812 F.2d 509, 511-12 (9th Cir. 1987). In

17   order for new evidence to be "material," the court must find that, had the Secretary considered

18   this evidence, the decision might have been different. The court need only find a reasonable

19   possibility that the new evidence would have changed the outcome of the case. Booz v. Secretary

20   of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984).

21   Plaintiff has demonstrated neither materiality nor good cause. Most of the factual

22   allegations presented by plaintiff pertain to a period of time not at issue.[2] Thus, the "new

23   evidence" submitted by plaintiff is not material to the decision. Moreover, plaintiff was

24   represented by counsel during the administrative proceedings and had a full and fair opportunity

25   to present her factual allegations at the hearing held before the ALJ. AT 39-86. In addition,

26

27   [2] The earliest time for which plaintiff could receive SSI payments is August 2010. See 20 C.F.R.
     § 416.335. The ALJ properly considered the period from July 9, 2010 through the date of the
28   decision.

1    plaintiff submitted to the Appeals Council evidence from plaintiff's husband explaining plaintiff's

2    testimony at the hearing and that evidence has been made part of the administrative record.  AT 5,

3    140-147.  Plaintiff fails to show good cause why the evidence she now submits was not

4    previously submitted for inclusion in the record.  The court declines, therefore, to remand this

5    matter for consideration of plaintiff's new evidence.

6          Although plaintiff has failed to articulate specific errors, the court has given due

7    consideration to plaintiff's pro se status.  Accordingly, the court has carefully reviewed the ALJ's

8    findings at each of the steps in the sequential analysis.  The court finds no error.

9          At step one of the sequential evaluation, the ALJ correctly found that plaintiff had not

10   performed any substantial gainful activity since the date she submitted her application for

11   disability benefits.  The ALJ properly assessed plaintiff's impairment of bipolar disorder as

12   meeting the severity requirement at step two.  In determining whether plaintiff met or equaled a

13   Listed Impairment at step three, the ALJ found plaintiff has only mild restriction in activities of

14   daily living, moderate difficulties in social functioning, and mild difficulties with regard to

15   concentration, persistence or pace.  AT 23-24.  These findings are supported by substantial

16   evidence in the record as a whole.  The ALJ thus properly found plaintiff does not meet or equal a

17   Listing because she has no marked limitations.

18         At step four, the ALJ's findings are again supported by substantial evidence.  In

19   considering the record medical opinions, the ALJ accorded little weight to the opinions of treating

20   physicians Drs. Diamond and Kabir.  AT 31.  To evaluate whether an ALJ properly rejected a

21   medical opinion, in addition to considering its source, the court considers whether (1)

22   contradictory opinions are in the record, and (2) clinical findings support the opinions.  An ALJ

23   may reject an uncontradicted opinion of a treating or examining medical professional only for

24   "clear and convincing" reasons.  Lester, 81 F.3d at 831.  In contrast, a contradicted opinion of a

25   treating or examining professional may be rejected for "specific and legitimate" reasons that are

26   supported by substantial evidence.  Id. at 830.  While a treating professional's opinion generally

27   is accorded superior weight, if it is contradicted by a supported examining professional's opinion

28   (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.

5

1    Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d

2    747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions

3    supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999)

4    (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881

5    F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient

6    to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

7            The ALJ set forth a thorough review of plaintiff's medical records and noted that when

8    plaintiff was medication compliant, her condition improved.  AT 29-30.  The ALJ considered

9    plaintiff's ability to engage in home studies and activities of daily living to be inconsistent with

10   Dr. Diamond's opinion that plaintiff was incapable of performing even part-time work.  AT 31,

11   318.  The ALJ also noted that Dr. Kabir's opinion was inconsistent with the record as a whole.[3]

12   AT 31, 319-321, 622.  In rejecting these opinions, the ALJ instead relied on the opinions of the

13   state agency physicians, Drs. Funkenstein and Sanford, who found that plaintiff's psychiatric

14   impairment was not severe.  AT 650-660, 668.  As the ALJ correctly observed, the state agency

15   findings are well supported by the treatment records.  However, the ALJ also gave some credit to

16   plaintiff's subjective complaints and therefore limited plaintiff's residual functional capacity to

17   performance of simple repetitive tasks in a non-public setting and only occasional interaction with

18   co-workers and supervisors.  AT 25, 31.

19           Although the ALJ gave some credit to plaintiff's subjective complaints, the ALJ in

20   general found plaintiff was not fully credible.  The ALJ determines whether a disability applicant

21   is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and

22   provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If

23   credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907

24   _____

25   [3] The ALJ did not specifically address the October 19, 2011 of treating physician Dr. Auza who
     opined that plaintiff is not capable of maintaining gainful employment.  AT 239.  The court finds
26   such omission to be harmless.  See  Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990)
     (harmless error analysis applicable in judicial review of social security cases).  Dr. Auza's
27   opinion is conclusory on the ultimate issue of disability and sets forth no findings or assessment
     of functional limitations supporting the opinion.  Moreover, as with the opinions of Drs. Diamond
28   and Kabir, the opinion is inconsistent with the record medical evidence.

1   F.2d 871, 873-74 (9th Cir. 1990); <u>Rashad v. Sullivan</u>, 903 F.2d 1229, 1231 (9th Cir. 1990)

2   (requiring explicit credibility finding to be supported by "a specific, cogent reason for the

3   disbelief").

4        In evaluating whether subjective complaints are credible, the ALJ should first consider

5   objective medical evidence and then consider other factors.  <u>Bunnell v. Sullivan</u>, 947 F.2d 341,

6   344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ

7   then may consider the nature of the symptoms alleged, including aggravating factors, medication,

8   treatment and functional restrictions.  <u>See id.</u> at 345-47.  The ALJ also may consider: (1) the

9   applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

10  testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

11  prescribed course of treatment, and (3) the applicant's daily activities.  <u>Smolen v. Chater</u>, 80 F.3d

12  1273, 1284 (9th Cir. 1996); <u>see generally</u> SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-

13  01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and

14  effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.

15  <u>Light v. Social Security Administration</u>, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek

16  treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ

17  in determining whether the alleged associated pain is not a significant nonexertional impairment.

18  <u>See Flaten v. Secretary of HHS</u>, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part,

19  on his or her own observations, <u>see Quang Van Han v. Bowen</u>, 882 F.2d 1453, 1458 (9th Cir.

20  1989), which cannot substitute for medical diagnosis.  <u>Marcia v. Sullivan</u>, 900 F.2d 172, 177 n.6

21  (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the

22  Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."

23  <u>Morgan v. Commissioner of Social Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999).

24        Here, the ALJ considered the improvement in plaintiff's cognitive abilities and stable

25  mood when she was medication compliant.  AT 28-29.  A condition controlled by medication is

26  not disabling.  <u>See Warre v. Comm'r of Soc. Sec.</u>, 439 F.3d 1001, 1006 (9th Cir. 2006).  The ALJ

27  also considered the inconsistencies between plaintiff's allegations of a disabling condition and her

28  reports to the treating physicians of stability since 2008 once she was medication compliant.  AT

1  28, 30.  The ALJ also factored into the credibility analysis plaintiff's expression of a strong desire

2  to stay home with her children as indicative of a non-medical motive for not working.  AT 30.

3  The factors considered by the ALJ in finding plaintiff less than credible are valid and supported

4  by the record.

5        Finally, in step four, after assessing plaintiff's residual functional capacity, the ALJ

6  correctly found that plaintiff has no past relevant work.  The ALJ thus proceeded to step five of

7  the sequential analysis and called a vocational expert to testify.  AT 78-85.  The ALJ posed

8  hypothetical questions to the vocational expert which set forth all the substantial, supported

9  limitations and restrictions of plaintiff.  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).

10  The hypothetical that served as the basis for the ALJ's determination was supported by

11  substantial evidence in the record as a whole.  See Embrey v. Bowen, 849 F.2d 418, 422-23 (9th

12  Cir. 1988).  The vocational expert identified numerous jobs available to plaintiff that were within

13  her residual functional capacity.  AT 32, 81-83.  Substantial evidence thus supports the ALJ's

14  finding that plaintiff is not disabled.  See Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995)

15  (2,300 jobs in the county and 64,000 nationwide are sufficient).

16  CONCLUSION

17        For the reasons stated herein, IT IS HEREBY ORDERED that:

18        1.  Plaintiff's motion for remand (ECF No. 16) and motion for summary judgment (ECF

19  No. 18) are denied;

20        2.  The Commissioner's cross-motion for summary judgment (ECF No. 17) is granted;

21  and

22        3.  Judgment is entered for the Commissioner.

23  Dated:  December 5, 2013

24                                    _____
                                      CAROLYN K. DELANEY
25                                    UNITED STATES MAGISTRATE JUDGE

26

27  4 smith2707.ss

28

8