UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN SMITH, | No. 2:12-cv-2707 CKD PS |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born August 6, 1971, applied on July 9, 2010 for SSI, alleging disability beginning April 1, 2000. Administrative Transcript ("AT") 148, 165. Plaintiff alleged she was unable to work due to bipolar disorder and depression. AT 165. In a decision dated June 24,

/////

/////

1

2011, the ALJ determined that plaintiff was not disabled.[1]  AT 21-33.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since July 9, 2010, the application date.
>
> 2. The claimant has the following severe impairments: bipolar disorder.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

Case 2:12-cv-02707-CKD   Document 19   Filed 12/05/13   Page 3 of 8

    following nonexertional limitations:  The claimant can perform simple, repetitive tasks in a non-public setting.  The claimant can have occasional interaction with co-workers and supervisors.

    5.  The claimant has no past relevant work.

    6.  The claimant was born on August 6, 1971 and was 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

    7.  The claimant has at least a high-school education and is able to communicate in English.

    8.  Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.

    9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

    10.  The claimant has not been under a disability, as defined in the Social Security Act, since July 9, 2010, the date the application was filed.

AT 23-32.

ISSUES PRESENTED

  Plaintiff does not assign any specific errors but generally argues that the ALJ misinterpreted the record medical evidence.

LEGAL STANDARDS

  The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

3

1  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th
2  Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's
3  conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not
4  affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see
5  also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the
6  administrative findings, or if there is conflicting evidence supporting a finding of either disability
7  or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,
8  1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in
9  weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

10 ANALYSIS

11  Plaintiff has not articulated specific errors in the ALJ's analysis but presents factual
12 allegations contesting the evidence in the administrative record and argues that the ALJ
13 misinterpreted the evidence. As an initial matter, this court's review is limited to the
14 administrative record. However, a case may be remanded to the Secretary for the consideration
15 of new evidence if the evidence is material and good cause exists for the absence of the evidence
16 from the prior record. Sanchez v. Secretary of HHS, 812 F.2d 509, 511-12 (9th Cir. 1987). In
17 order for new evidence to be "material," the court must find that, had the Secretary considered
18 this evidence, the decision might have been different. The court need only find a reasonable
19 possibility that the new evidence would have changed the outcome of the case. Booz v. Secretary
20 of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984).

21  Plaintiff has demonstrated neither materiality nor good cause. Most of the factual
22 allegations presented by plaintiff pertain to a period of time not at issue.[2] Thus, the "new
23 evidence" submitted by plaintiff is not material to the decision. Moreover, plaintiff was
24 represented by counsel during the administrative proceedings and had a full and fair opportunity
25 to present her factual allegations at the hearing held before the ALJ. AT 39-86. In addition,

---

[2] The earliest time for which plaintiff could receive SSI payments is August 2010. See 20 C.F.R. § 416.335. The ALJ properly considered the period from July 9, 2010 through the date of the decision.

4

plaintiff submitted to the Appeals Council evidence from plaintiff's husband explaining plaintiff's testimony at the hearing and that evidence has been made part of the administrative record. AT 5, 140-147. Plaintiff fails to show good cause why the evidence she now submits was not previously submitted for inclusion in the record. The court declines, therefore, to remand this matter for consideration of plaintiff's new evidence.

Although plaintiff has failed to articulate specific errors, the court has given due consideration to plaintiff's pro se status. Accordingly, the court has carefully reviewed the ALJ's findings at each of the steps in the sequential analysis. The court finds no error.

At step one of the sequential evaluation, the ALJ correctly found that plaintiff had not performed any substantial gainful activity since the date she submitted her application for disability benefits. The ALJ properly assessed plaintiff's impairment of bipolar disorder as meeting the severity requirement at step two. In determining whether plaintiff met or equaled a Listed Impairment at step three, the ALJ found plaintiff has only mild restriction in activities of daily living, moderate difficulties in social functioning, and mild difficulties with regard to concentration, persistence or pace. AT 23-24. These findings are supported by substantial evidence in the record as a whole. The ALJ thus properly found plaintiff does not meet or equal a Listing because she has no marked limitations.

At step four, the ALJ's findings are again supported by substantial evidence. In considering the record medical opinions, the ALJ accorded little weight to the opinions of treating physicians Drs. Diamond and Kabir. AT 31. To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.

5

Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

      The ALJ set forth a thorough review of plaintiff's medical records and noted that when plaintiff was medication compliant, her condition improved.  AT 29-30.  The ALJ considered plaintiff's ability to engage in home studies and activities of daily living to be inconsistent with Dr. Diamond's opinion that plaintiff was incapable of performing even part-time work.  AT 31, 318.  The ALJ also noted that Dr. Kabir's opinion was inconsistent with the record as a whole.[3]  AT 31, 319-321, 622.  In rejecting these opinions, the ALJ instead relied on the opinions of the state agency physicians, Drs. Funkenstein and Sanford, who found that plaintiff's psychiatric impairment was not severe.  AT 650-660, 668.  As the ALJ correctly observed, the state agency findings are well supported by the treatment records.  However, the ALJ also gave some credit to plaintiff's subjective complaints and therefore limited plaintiff's residual functional capacity to performance of simple repetitive tasks in a non-public setting and only occasional interaction with co-workers and supervisors.  AT 25, 31.

      Although the ALJ gave some credit to plaintiff's subjective complaints, the ALJ in general found plaintiff was not fully credible.  The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907

---

[3] The ALJ did not specifically address the October 19, 2011 of treating physician Dr. Auza who opined that plaintiff is not capable of maintaining gainful employment.  AT 239.  The court finds such omission to be harmless.  See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error analysis applicable in judicial review of social security cases).  Dr. Auza's opinion is conclusory on the ultimate issue of disability and sets forth no findings or assessment of functional limitations supporting the opinion.  Moreover, as with the opinions of Drs. Diamond and Kabir, the opinion is inconsistent with the record medical evidence.

1 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990)
2 (requiring explicit credibility finding to be supported by "a specific, cogent reason for the
3 disbelief").

4 In evaluating whether subjective complaints are credible, the ALJ should first consider
5 objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341,
6 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ
7 then may consider the nature of the symptoms alleged, including aggravating factors, medication,
8 treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the
9 applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent
10 testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a
11 prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d
12 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-
13 01; SSR 88-13. Work records, physician and third party testimony about nature, severity and
14 effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.
15 Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek
16 treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ
17 in determining whether the alleged associated pain is not a significant nonexertional impairment.
18 See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part,
19 on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir.
20 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6
21 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the
22 Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."
23 Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

24 Here, the ALJ considered the improvement in plaintiff's cognitive abilities and stable
25 mood when she was medication compliant. AT 28-29. A condition controlled by medication is
26 not disabling. See Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ
27 also considered the inconsistencies between plaintiff's allegations of a disabling condition and her
28 reports to the treating physicians of stability since 2008 once she was medication compliant. AT

28, 30. The ALJ also factored into the credibility analysis plaintiff's expression of a strong desire to stay home with her children as indicative of a non-medical motive for not working. AT 30. The factors considered by the ALJ in finding plaintiff less than credible are valid and supported by the record.

Finally, in step four, after assessing plaintiff's residual functional capacity, the ALJ correctly found that plaintiff has no past relevant work. The ALJ thus proceeded to step five of the sequential analysis and called a vocational expert to testify. AT 78-85. The ALJ posed hypothetical questions to the vocational expert which set forth all the substantial, supported limitations and restrictions of plaintiff. Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). The hypothetical that served as the basis for the ALJ's determination was supported by substantial evidence in the record as a whole. See Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988). The vocational expert identified numerous jobs available to plaintiff that were within her residual functional capacity. AT 32, 81-83. Substantial evidence thus supports the ALJ's finding that plaintiff is not disabled. See Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995) (2,300 jobs in the county and 64,000 nationwide are sufficient).

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for remand (ECF No. 16) and motion for summary judgment (ECF No. 18) are denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is granted; and

3. Judgment is entered for the Commissioner.

Dated: December 5, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 smith2707.ss